IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Philip A. Brimmer

Civil Action No. 08-cv-02505-PAB-CBS

CASEY BERNARD RODRIGUEZ,

    Plaintiff,

v.

WILEY,
DR. ALLRED,
DR. NAFZINGER,
HSA BAUER,
HSA SMITH (ASST),
G. RAMIREZ,
UNIT MNGR. COLLINS,
NURSE GLADBACH, and
LT. JANSON,

    Defendants.

_____

# ORDER
_____

    This matter comes before the Court on two Recommendations of United States Magistrate Judge Craig B. Shaffer. The first [Docket No. 78] recommends that the Court deny plaintiff's Motion for Preliminary Injunction [Docket No. 30] (the "Preliminary Injunction Recommendation"). The second [Docket No. 101] recommends that the Court grant in part and deny in part defendants' Motion to Dismiss [Docket No. 75] (the "Dismissal Recommendation"). I consider each recommendation in turn.

## I.  PRELIMINARY INJUNCTION RECOMMENDATION

    The Preliminary Injunction Recommendation was issued on August 14, 2009. On August 27, 2009, plaintiff filed timely objections [Docket No. 83] to this recommendation.

Defendants have filed a response [Docket No. 90] to those objections. Where a party timely files objections to a magistrate judge's recommended adjudication of a dispositive motion, the Court reviews the recommendation de novo. Fed.R.Civ.P. 72(b).

Plaintiff, a federal prison inmate, has hepatitis C. His lawsuit challenges various aspects of his confinement, including the alleged lack of treatment for his medical condition. At the time this suit was filed, plaintiff was in custody at the United States Penitentiary, Administrative Maximum ("ADX") and thus named members of the administrative and medical staff at ADX as defendants. Plaintiff later moved for a preliminary injunction that would "order defendants to immediately start treatment" for his hepatitis C. [Docket No. 30 at 1.]

Preliminary injunctions are "extraordinary equitable remedies," and their issuance requires the moving party to show

> (1) irreparable injury in the absence of the injunction, (2) the threatened injury to the moving party outweighs the harm to the opposing party resulting from the injunction, (3) the injunction is not adverse to the public interest, and (4) the moving party has a substantial likelihood of success on the merits.

*Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009). Moreover, there are certain types of "disfavored" injunctions which require an even stronger showing of likelihood of success and the balance of harms – injunctions that are mandatory, that alter the status quo, or that grant the moving party all of the relief it could recover at trial. *Id.* The magistrate judge correctly concluded that plaintiff's injunctive request, which would compel defendants to begin a treatment regimen, falls into this disfavored category.

2

Finding that plaintiff failed to show both irreparable injury and likelihood of success, the magistrate judge recommended denying the motion for preliminary injunction. However, since the filing of this Preliminary Injunction Recommendation, plaintiff has been transferred out of the ADX facility. [Docket No. 101 at 2 n.2.] This transfer has mooted plaintiff's request for injunctive relief, as defendants no longer control his medical treatment. Therefore, plaintiff's motion for a preliminary injunction is denied.

## II. DISMISSAL RECOMMENDATION

The Dismissal Recommendation was issued on February 25, 2010. It recommends that most of plaintiff's claims be dismissed but that certain claims be allowed to proceed against certain defendants. Defendants have not filed any objections to the recommendation. In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). I have reviewed the Dismissal Recommendation to satisfy myself that there is "no clear error on the face of the record."[1] *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, I

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

have concluded that the Dismissal Recommendation is a correct application of the facts and the law on those issues adverse to defendants.

The Dismissal Recommendation was mailed to plaintiff on February 25, 2010, but was returned as undeliverable on March 8, 2010 [Docket No. 102]. On March 12, the Court received a notice of change of address from plaintiff [Docket No. 103] and mailed the recommendation to plaintiff's new address on March 15 [Docket No. 106]. As of the date of this Order, the Court has not received objections from plaintiff. Under D.C.COLO.LCivR 10.1.M, parties are required to file notice of any change of address within five days. Plaintiff admits that his address changed on February 19, 2010. [Docket No. 103.] Thus, plaintiff's notice of change of address is untimely, and he bears responsibility for not filing objections to the Dismissal Recommendation in a timely manner. However, in order to give plaintiff all benefit of the doubt, I have reviewed de novo the portions of the Dismissal Recommendation that are adverse to his interests.

In his amended complaint, plaintiff asserts five causes of action grounded in either the Eighth Amendment's prohibition on cruel and unusual punishment or the denial of due process. Specifically, he asserts: (1) deliberate indifference to serious medical needs relating to treatment of his hepatitis C; (2) deliberate indifference to serious medical needs for failing to provide him with glasses; (3) deliberate indifference to health and safety based on the conditions of the prison recreation areas; (4) denial of due process by his being placed in a prison "control unit" without defendants following proper procedure; and (5) constitutional violations relating to an alleged mental breakdown he had after an altercation with prison staff. The magistrate judge conducted a thorough review of each of plaintiff's claims, recommending that the second, third, and

4

fourth claims be dismissed in their entirety but that the first and fifth claims be permitted to proceed against certain defendants, in their individual capacity, for money damages. I agree with the well-reasoned decision of the magistrate judge and dispose of the motion to dismiss in the same way and for the same reasons stated in the Dismissal Recommendation.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 78] is ACCEPTED. As a result, it is further

**ORDERED** that plaintiff's Motion for Preliminary Injunction [Docket No. 30] is DENIED. It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 101] is also ACCEPTED. As a result, it is further

**ORDERED** that defendants' Motion to Dismiss [Docket No. 75] is GRANTED in part and DENIED in part. Specifically, as outlined in the Dismissal Recommendation, the motion is granted as follows: (1) all claims against the defendants in their official capacity are dismissed with prejudice; (2) all claims against defendants Gladbach and Bauer are dismissed with prejudice; (3) all claims asserted against the defendants under the Federal Tort Claims Act are dismissed without prejudice; (4) plaintiff's claims for declaratory and injunctive relief are dismissed with prejudice; (5) plaintiff's second, third, and fourth claims for relief are dismissed without prejudice as to all defendants; and (6) plaintiff's fifth claim for relief is dismissed without prejudice as to defendants Nafziger

5

and Allred. The motion is denied with respect to the first claim for relief as to defendants Nafziger, Allred, Smith and Wiley, and with respect to the fifth claim for relief as to defendants Janson and Wiley.

DATED March 31, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge